UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD STRENCH,**

    **Plaintiff,**

  v.                                               Civil Action 2:24-cv-699
                                                   Magistrate Judge Chelsey M. Vascura

**HYUNDAI MOTOR AMERICA
CORPORATION SERVICE COMPANY,**

    **Defendant.**

**OPINION AND ORDER**

Plaintiff, Donald Strench, brings this action for negligence, nuisance, and products liability against Defendant Hyundai Motor America Corporation Service Company. Plaintiff alleges that Hyundai's failure to install engine immobilizers in its cars made them prone to theft, and that therefore Hyundai is responsible for Plaintiff's injuries sustained in a collision with a 2019 Hyundai Elantra operated by a car thief fleeing from police. This case, in which the parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c)(3), is before the Court on Hyundai's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 23.) For the following reasons, Hyundai's Motion is **GRANTED**.

                **I.**       **BACKGROUND**

Plaintiff alleges that Hyundai, unlike most auto manufacturers, failed to install engine immobilizers and otherwise designed its cars with flaws that made Hyundais sold in the United States prior to 2021 especially prone to theft. (Am. Compl. ¶¶ 11–12, ECF No. 19.) This vulnerability has been exploited by car thieves, most notably by "Kia Boys," teenaged boys who

steal Kias or Hyundais, take them for joyrides, and then post videos of these activities on social media. (*Id.* at ¶ 18.) On March 8, 2023, a teenaged boy stole a 2019 Hyundai Elantra from its owner, Zichen Huang, by means of the theft-prone design flaws. (*Id.* at ¶ 20.) The car thief drove the Hyundai at high speed and entered an opposing lane of traffic, crashing into the 1996 Saab 9000 owned and driven by Plaintiff. (*Id.*) Plaintiff suffered severe injuries in the crash. (*Id.*)

Plaintiff commenced this action on February 19, 2024 (ECF No. 1). His Amended Complaint asserts claims against Hyundai under Ohio law for negligence, public and private nuisance, and violation of the Ohio Products Liability Act ("OPLA"). (Am. Compl., ¶¶ 22–24, ECF No. 19.) Plaintiff seeks compensatory and punitive damages as well as attorney's fees, interest, and costs. (*Id.* at 13.) On April 24, 2024, Hyundai moved to dismiss Plaintiff's Amended Complaint in its entirety, relying largely on Plaintiff's inability to demonstrate that Hyundai's design or manufacturing practices were the proximate cause of Plaintiff's injuries. (ECF No. 23.) Hyundai also contends that the OPLA abrogates Plaintiff's common-law claims for negligence and public nuisance and that Plaintiff fails to allege the required elements of various OPLA claims and private nuisance. (*Id.*)

## II.     STANDARD OF REVIEW

Hyundai moves to dismiss Plaintiff's Amended Complaint in its entirety under Rule 12(b)(6). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must "accept non-conclusory allegations of fact in the complaint as true and determine if the plaintiff has stated a plausible clam for relief." *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (cleaned up).

### III. ANALYSIS

Hyundai's primary argument for dismissal is that Plaintiff cannot establish that Hyundai's actions were the proximate cause of Plaintiff's injuries. Proximate cause is an element of all of Plaintiff's claims. *See*, *e.g.*, *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 122–23 (2009) (negligence); *City of Cincinnati v. Deutsche Bank Nat'l Tr. Co.*, 863 F.3d 474, 480 (6th Cir. 2017) (nuisance); *Jones v. Staubli Motor Sports Div. of Staubli Am. Corp.*, 897 F. Supp. 2d 599, 607 (S.D. Ohio 2012) (OPLA). Accordingly, to avoid dismissal of his Amended Complaint in its entirety, Plaintiff must sufficiently allege proximate cause.

Plaintiff has not done so. A long line of Ohio case law holds that, as a matter of law, a person or entity who makes a car easier to steal does not proximately cause injuries to a third person involved in an accident with the car thief. Rather, the negligent or reckless driving of the car thief is a new and independent cause that severs the chain of causation between the actions that made the car theft prone and the third person's injuries. *See Ross v. Nutt*, 177 Ohio St. 113, 115 (1964) ("[E]ven assuming negligence on the part of the defendant in the first instance in leaving his key in the vehicle in violation of the ordinance, the chain of causation was broken by the negligence of the thief in operating the vehicle."); *Pendrey v. Barnes*, 18 Ohio St. 3d 27, 29, 479 N.E.2d 283, 284 (1985) ("[A]n accident caused by an intermeddler, who was enabled to misappropriate a vehicle by the owner's having left the car unattended and the key in the ignition, will not create liability for the car's owner."); *Miles v. Cedar-Lee Chrysler-Plymouth*, 1978 WL 218347, at *2 (Ohio App. 8th Dist. April 28, 1978) (car dealership's leaving keys in a later stolen car was not the proximate cause of injuries to a third party involved in an accident with the car thief); *Tilton v. Austintown Motors, Inc.*, No. 96-CO-71, 1997 WL 816526, at *3

(Ohio Ct. App. Dec. 30, 1997) (same, stating, "[e]ven assuming negligence of [the car dealership] in leaving cars unattended, the chain of causation is broken by the intervening, independent actions of the thief"); *Bugaj v. Nationwide Ins.*, 2009 WL 2678938 (Ohio App. 6th Dist. Aug. 28, 2009) ("the application of *Pendrey* and *Ross* are sufficient to find that [Defendant, who left her car running with the keys in the ignition, and whose car was subsequently stolen] was not negligent [with respect to injuries suffered by a third person involved in an accident with the car thief] as a matter of law"); *Lagowski v. Shelly & Sands, Inc.*, 38 N.E.3d 456, 459 (Ohio Ct. App. 2015) ("*Tilton* and *Pendrey* establish the principle that the theft of a motor vehicle, even when the keys are left in the ignition by the owner, is an intervening superseding cause breaking the chain of proximate cause in a negligence case.").

Applying this case law, the District Court for the Northern District of Ohio recently concluded that proximate cause was lacking in a case indistinguishable from this one. *See Fox v. Kia Am., Inc.*, ___ F. Supp. 3d ___, No. 1:23CV1881, 2024 WL 1328730, at *13 (N.D. Ohio Mar. 28, 2024). In *Fox*, the plaintiff was severely injured when her vehicle collided with a Kia Sportage driven by a car thief who was fleeing police. *Id.* at *1. The *Fox* plaintiff alleged that her injuries were proximately caused by Kia's failure to install industry-standard anti-theft devices into most of its vehicles sold in the United States through 2021, including the Kia Sportage. *Id.* She also alleged that Kia's conduct "opened the floodgates to vehicle theft, crime sprees, reckless driving, and public harm," including the specific harm the plaintiff suffered in the collision with the Kia Sportage. *Id.*

The *Fox* court discussed in detail Ohio's proximate cause standards and applied *Ross* and its progeny to conclude that the plaintiff had not sufficiently alleged that Kia's failure to install anti-theft devices was the proximate cause of her injuries. *Id.* at *9–14 (finding the reckless

4

operation of the stolen Kia Sportage to be both a new (*i.e.*, unforeseeable) and independent (*i.e.*, unconnected to Kia's failure to install anti-theft devices) intervening act of negligence "that breaks the causal connection with respect to Kia as a matter of Ohio law"). The *Fox* court rejected arguments, also made by Plaintiff here, that *Ross*, *Pendrey*, *Tilton*, and *Bugaj* are distinguishable because they involved a single car owner, a single thief, and a single accident:

> Plaintiff points to no language in any of the Ohio decisions discussed above that would support limiting those courts' holdings only to the liability of individual vehicle owners for personal injuries arising out vehicle thefts. Indeed, as Kia correctly notes, both *Tilton* and *Miles* applied the central holdings of *Ross* and *Pendrey* to auto dealerships from whom vehicles were stolen after being left unattended and unlocked. Accordingly, the Court rejects Plaintiff's argument that *Ross, Pendrey*, and their progeny are inapplicable because they did not involve the liability of an auto manufacturer such as Kia.

*Id.* at *14.

The *Fox* court also rejected any applicability of *In re Kia Hyundai Vehicle Theft Litigation*, 2023 WL 8126870 (C.D. Cal. Nov. 17, 2023), which denied certain multi-district litigation ("MDL") plaintiffs' motion to dismiss, and on which Plaintiff here relies. The *Fox* court found the California MDL decision distinguishable "because it dealt only with the foreseeability of the *theft* of Kia vehicles—not the further question of the foreseeability of a car thief's subsequent *negligent or reckless operation* of Kia vehicles." 2024 WL 1328730, at *15 n.4 (emphasis in original). Nor did the California MDL decision address *Ross* or *Pendrey*. *Id.* Finally, the California MDL court recently certified for interlocutory appeal the question of whether, under Ohio law, "a tort duty to protect against third-party criminal conduct can be based solely on the foreseeability of harms—even in the absence of a special relationship." *Id.*, quoting *In re Kia and Hyundai Vehicle Theft Litigation*, 2024 WL 1135736 (C.D. Cal. Jan. 29, 2024). Thus, the *Fox* court noted that, "until that interlocutory appeal is decided, it is not clear

that the district court's denial of the defendants' motion to dismiss the GE Plaintiffs' Ohio negligence claims will stand." 2024 WL 1328730, at *15 n.4.

The undersigned finds the *Fox* decision to be well-reasoned and persuasive. Given that the facts of that case are identical in all relevant respects to the facts of this case, the undersigned concludes that the car thief's negligence in operating the stolen 2019 Hyundai Elantra is an intervening act of negligence that breaks the causal connection between Hyundai's conduct and Plaintiff's injuries as a matter of Ohio law. Plaintiff has therefore failed to sufficiently allege proximate cause. And because proximate cause is an element of all of Plaintiff's claims, Plaintiff's Amended Complaint must be dismissed in its entirety. Accordingly, the undersigned need not reach the parties' additional arguments.

## IV. DISPOSITION

For the foregoing reasons, Hyundai's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 23) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**, and the Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE